# Edwin C. Jacoby, Plff. in Err., *v.* Daniel Stetler.

If at an assignee's sale of real estate, it is stipulated that, if the vendee does not comply with the conditions of the sale, he shall forfeit the amount of his deposit; that the vendor shall then be at liberty to resell, and the vendee shall be liable to make good any deficiency and the expenses of such resale,—he is not liable to a penalty in addition to the damages actually sustained by the vendor.

In such case, if the vendee fails to comply, and the vendor rescinds the sale, and the premises are resold, the former may recover back all money paid by him above the loss actually sustained by the latter by reason of his default.

(Decided March 8, 1886.)

Error to the Common Pleas of Lehigh County to review a judgment for plaintiff in an action of assumpsit. Affirmed.

Charles Guth by deed dated March 31, 1877, conveyed all his property to Edwin C. Jacoby for the benefit of his creditors.

The assignee, under the provisions of the act of February 17, 1876, applied to the court for an order for the sale of the real estate. The court, on October 1, 1877, granted an order of sale to which the assignee made return that he had sold the real estate to Daniel Stetler for the sum of $2,030. On December 6, 1878, the court confirmed said sale unless exceptions should be filed in twenty days. There was no exception to the sale.

There were written conditions of sale read at the sale. It was stated that 10 per cent should be paid down and the remainder of the purchase money on or before April 1, 1878, upon the purchaser's having a good title made to him; that, upon payment of such remainder, the purchaser should have possession and be entitled to the rents from April 1, 1878; also "upon failure of complying with the above conditions the money deposited shall, at the expiration of the time before limited, become forfeited to the vendor, who then shall be at

---

Note.—The first vendee who defaults can only be held for the deficiency in purchase price where the conditions of the second sale are the same, and not more burdensome. Weast v. Derrick, 100 Pa. 509.

full liberty, with or without notice, to resell the estate; and if on such resale there should be any deficiency, the purchaser at this sale, neglecting to comply with these conditions, shall make good such deficiency to the vendor, and all expenses attending such resale."

The conditions were accompanied by an agreement signed by the defendant and the plaintiff, wherein it was stated that said Stetler had become the purchaser of the premises sold at the sum of $2,030, that he had paid down $203, and that the conditions should be taken as the terms of sale.

On April 1, 1878, Jacoby tendered a deed of conveyance to Stetler, of the land sold, to be delivered upon payment of the purchase money by the latter. Stetler failed to pay the purchase money due, and declined to accept the deed.

On May 23, 1879, the assignee presented his petition to the court representing the sale to Stetler; his failure to comply; and prayed for another order of sale. The court granted a rule on Stetler to show cause why a resale should not be ordered.

Upon the petition the court on June 3, 1879, granted an alias order for the sale of said real estate under said act of 1876, the sale to be held on July 5, 1879; to said order assignee made return that he had sold the land to Israel Landis for the sum of $1,836.50; this sale was confirmed on July 7, 1879, unless exceptions should be filed in twenty days. There was no exception.

The difference between the amount bid at the first sale and that at the second sale was $193.50.

This suit was brought by Stetler against Jacoby, April 18, 1884, to recover the amount of a note for $203, and interest, $5.09 paid April 13, 1878, and $250 paid September 6, 1878, all of which he had paid upon the purchase price of the property and which he claimed must be refunded to him. No demand was made by Stetler on Jacoby for the repayment of said sums of money before suit was brought.

Jury trial was waived and the case submitted to the court.

The court directed judgment to be entered for the plaintiff for $249.39 and costs; which is the error complained of.

*James B. Deshler* and *John Rupp,* for plaintiff in error.— The plaintiff having prevented the completion of the contract of

sale, by refusing to fulfil his part thereof, cannot take advantage of the nonperformance of a contract by the defendant. Grove v. Donaldson, 15 Pa. 128.

Obtaining the alias order of sale and the resale was not a rescission of the contract. It was, in effect, nothing but the annulling of the decree of confirmation, made necessary by the default of the purchaser, after notice to him. This did not rescind the contract of sale. Banes v. Gordon, 9 Pa. 426.

Such an order the court had the power to make without affecting the contract between the vendor and the vendee, and it did not discharge the vendee from the obligations of his contract. Singerly v. Swain, 33 Pa. 102, 75 Am. Dec. 581.

If the plaintiff can maintain this action at all, then the defendant can defalk, set-off, and deduct from the plaintiff's claim such sum as the plaintiff had become liable for to the defendant, by reason of his failure to comply with the conditions of the sale. Where the vendor has in hand a part of the purchase money belonging to the vendee, he can retain it for the damages the defaulting vendee became liable for, by reason of his default, and he need not pay over the money to the defaulting vendee, and then turn around and sue him for the damages incurred. Wright's Appeal, 25 Pa. 373; Tindle's Appeal, 77 Pa. 201.

The pleas were *non assumpsit,* payment with leave, etc., and under these pleas anything was admissible to show that *ex æquo et bono* a part or the whole of the amount claimed should not be recovered. Uhler v. Sanderson, 38 Pa. 128.

The action of the court shall not be defined and determined by the terms which the parties have seen fit to apply to the sum fixed upon. Though they call it a penalty or give to it no name at all, it will be treated as liquidated damages; that is, it will be recognized and enforced as the measure of damages, if, from the nature of the agreement and the surrounding circumstances, and in reason and justice, it ought to be so. 3 Parsons, Contr. p. 157; Sainter v. Ferguson, 7 C. B. 716.

The sum agreed upon will be treated as liquidated damages if payable for an injury of uncertain amount and extent, or if payable for one breach of contract, or for money, where the damages to arise from each of them are uncertain in amount. 3 Parsons, Contr. pp. 159–161.

If the agreement provided that a certain sum shall be paid

in the event of the performance or nonperformance of a particular specified act, with regard to which, in case of default, damages, in their nature uncertain, may arise, and there are no words evincing an intention that the sum reserved shall be viewed as a penalty only, such sum may be recovered as liquidated damages. 2 Chitty, Contr. p. 1317.

To determine whether a stipulated sum named in an agreement as a forfeiture for failure of compliance is intended as a penalty, or as liquidated damages, it is necessary to look at the language of the contract, its subject-matter, the intention of the parties as gathered from all its provisions, the ease or difficulty in measuring the breach in damages, and the amount stipulated therefor, and from the whole to gather the view which equity and good conscience require should be taken of the case. Streeper v. Williams, 48 Pa. 450; Mathews v. Sharp, 99 Pa. 560.

The uncertainty as to the extent of the injury is a criterion to determine whether a sum specified is a penalty or liquidated damages. Powell v. Burroughs, 54 Pa. 329.

In 2 Greenleaf on Evidence, § 259, the following rules are given to determine whether the parties intended the sum specified as liquidated damages or a penalty: "On the other hand, it will be inferred that the parties intended the sum as liquidated damages: (1) Where the damages are uncertain and are not capable of being ascertained by any satisfactory and known rule, whether the uncertainty lies in the nature of the subject itself or in the particular circumstances of the case; . . . (2) where, from the nature of the case and the tenor of the agreement, it is apparent that the damages have already been the subject of actual and fair calculation, and adjustment between the parties."

*R. E. Wright's Sons,* for defendants in error.—The resale by the assignee, made under order of court, was a rescission of the contract to convey to Stetler. Wotring v. Shoemaker, 102 Pa. 498.

When the purchaser Stetler defaulted in the payment of the purchase money, the vendor had the right to adopt one of two courses: He could sue for and recover all the purchase money; or he could rescind the sale, sell again, and hold the plaintiff for the damages resulting from the noncompliance on his part.

He eventually did the latter. This entitled Stetler to recover the money he had paid upon the bargain. Feay v. DeCamp, 15 Serg. & R. 227; Hudson v. Reel, 5 Pa. 279; Wotring v. Shoemaker, 102 Pa. 498.

The amount of money paid down was a mere penalty. March v. Allabough, 103 Pa. 339.

PER CURIAM:

In this suit, trial by jury was waived by the parties, and the case was submitted to the judge of the common pleas, under the act of 22d April, 1874.

On the facts found by him, the law was correctly ruled. Although the defendant in error refused to comply with the terms of his bid, he did not thereby become liable to a penalty in addition to the damages the vendor sustained. The latter did not sue for all the purchase money, but elected to rescind the sale and sold the property to another. The loss which he sustained constituted the measure of damages which he became entitled to recover of the defendant in error, and the court so held.

Judgment affirmed.